Argued and submitted December 1, 1980, reversed and remanded for imposition of new sentence January 20, 1981

STATE OF OREGON,
*Respondent,*
*v.*
EDWARD DELEN WARREN,
*Appellant.*

(TC CR-79-10-87, CR-79-10-88, SC 27122)

623 P2d 656

Gary D. Babcock, Public Defender, Salem, argued the cause for appellant. With him on the brief were J. Marvin Kuhn, Chief Deputy, and Diane L. Alessi, Marianne Bottini, Thomas J. Crabtree, John Daugirda, Ernest E. Estes, David E. Groom, and Marilyn C. McManus, Deputy Public Defenders.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy

Solicitor General, and Thomas H. Denney, Assistant Attorney General.

TANZER, J.

**TANZER, J.**

Defendant is convicted on his guilty plea of two charges of murder. He was sentenced to death on both charges and this is direct review of those judgments. ORS 163.116. Defendant challenges the death penalty and the validity of his guilty plea.

The imposition of sentences of death was error for the reasons stated in *State v. Quinn,* 290 Or 383, 623 P2d 630 (1981).

Defendant's guilty pleas were received in defendant's petition after careful, comprehensive and solicitous inquiry by the trial court. The only contention upon which defendant challenges the guilty plea is that, under Article I, § 11, Oregon Constitution, a guilty plea may not be received in a capital case. The provision states:

> "* * * [A]ny accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing * * *."

Because this is no longer a capital case, that clause of Article I, section 11, has no further application. We reach no conclusion as to its effect. The receipt of the guilty plea was regular in every other respect. Therefore, the conviction is upheld, but a new sentence must be imposed.

Reversed and remanded for imposition of new sentence.